**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4623**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

         v.

LATEEF FISHER, a/k/a Apple,

       Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:15-cr-00018-GMG-RWT-1)

Submitted: March 30, 2017                         Decided: April 3, 2017

Before TRAXLER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Mark Sutton, SUTTON & JANELLE, PLLC, Martinsburg, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lateef Fisher appeals from his conviction and subsequent 360-month sentence imposed for aiding and abetting the distribution of heroin, resulting in death. Fisher challenges his conviction based on Double Jeopardy and venue, and challenges his sentence claiming that the district court erred in applying a sentencing enhancement based on a prior conviction that the court determined to be a similar offense. Finding no error, we affirm.

Fisher contends that his conviction for aiding and abetting the distribution of heroin, resulting in death, and a prior conviction in a related federal case for conspiracy to distribute heroin in the District of Maryland violated the protection against Double Jeopardy, arguing that the two drug offenses should merge into one offense because they arose from the same conduct. The prohibition against Double Jeopardy protects against prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 704 (1993). "If 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.'" *Rutledge v. United States*, 517 U.S. 292, 297 (1996) (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Because the aiding and abetting offense required proof of elements that were not required in the conspiracy conviction, there was no Double Jeopardy violation.

Next, Fisher argues that the Government did not sufficiently prove that the distribution of heroin occurred in the Northern District of West Virginia, and not

2

Maryland.  We review this issue de novo.  *United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001).  Venue "is not a substantive element of a crime," *United States v. Griley*, 814 F.2d 967, 973 (4th Cir. 1987), but rather "is similar in nature to a jurisdictional element," *United States v. Johnson*, 510 F.3d 521, 527 (4th Cir. 2007).  "We have recognized that venue is a question of fact in which the burden of proof rests with the government, but unlike other facts in the government's case, it may be proven by mere preponderance of the evidence." [*] *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012).  "Moreover, circumstantial evidence can be sufficient to establish proper venue." *Id.*  We conclude that the Government presented sufficient circumstantial evidence that the ultimate distribution of heroin to the victim occurred in the Northern District of West Virginia.

Finally, Fisher challenges the district court's application of a sentencing enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(a)(1) (2015).  Fisher believes that his offense level should have been 38, pursuant to USSG § 2D1.1(a)(2), because he did not have a prior conviction for a similar offense to aiding and abetting the distribution of heroin resulting in death.  Fisher's presentence report applied § 2D1.1(a)(1) because Fisher had been convicted of a similar offense, possession with intent to distribute marijuana.  Fisher argues that marijuana and heroin are substantially different drugs, aiding and abetting distribution is not similar to possession with intent to

---

[*] We note that the jury was instructed to find venue beyond a reasonable doubt, which is a higher standard.

3

distribute controlled substances, and his prior conviction did not involve death or serious bodily injury resulting from the use of the substance.

First, the Guidelines do not require that the offenses involve identical controlled substances, but only that the offenses be similar. *See* USSG § 2D1.1(a)(1) ("defendant committed the offense after one or more prior convictions for a similar offense"). Next, the offenses are similar in that the intent in both involved distribution of controlled substances. *See United States v. Johnson*, 706 F.3d 728, 733 (6th Cir. 2013) (similar offense is synonymous with "felony drug offense"); *United States v. Westry*, 524 F.3d 1198 (11th Cir. 2008) (conviction for possession of pentazocine similar offense to conspiracy to possess with intent to distribute several types of controlled substances). Finally, Fisher alleges that the marijuana conviction did not involve death. The fact that the prior conviction did not involve serious bodily injury or death is irrelevant because 21 U.S.C. § 841(a) (2012) prescribes the unlawful act and 21 U.S.C. § 841(b)(1)(C) (2012) only prescribes the penalty, which takes into consideration whether serious bodily injury or death resulted from the unlawful act. We therefore conclude that the court did not err in applying the enhancement in USSG § 2D1.1(a)(1). Further, if the presentence report had calculated Fisher's base offense level as 38, Fisher's Guidelines range would have been 360 months to life instead of a life sentence. *See* USSG Ch. 5, Part A (Sentencing Table). However, the district court varied downward to a 360-month sentence. Therefore, any potential error was harmless.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED